OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Petitioner is a nursing home administrator. Respondent revoked his license after a hearing because he had accepted *710 unreported income in addition to his salary and he had participated in several kickback schemes. Petitioner’s principal contention on this appeal is that the Special Prosecutor, in exchange for his co-operation during an investigation of these kickback schemes, promised to intercede with respondent to save petitioner’s license but failed to do so and that he is entitled to the benefit of that bargain. For his part, the prosecutor contends that he did advise respondent of petitioner’s co-operation in some of the prosecutions but that he also advised respondent that petitioner failed to render all the promised assistance because he intentionally absented himself during one crucial trial. The terms of the bargain and whether or not petitioner failed to aid the prosecutor as he promised presented questions of fact for determination by respondent. It resolved the issues against petitioner and its findings have been affirmed by the Appellate Division. Since there is evidence in the record to support those findings, the matter is beyond our review. We would, however, note that in the future the parties would be well advised to reduce such agreements to writing to avoid disputes about the bargain and the exact scope of the assistance required and promised (see People v Selikoff, 35 NY2d 227, 242-244).
Under applicable law, respondent was not bound by the Special Prosecutor’s promises but was only required to give “weighty consideration” to the evidence of petitioner’s cooperation (see Matter of Chaipis v State Liq. Auth., 44 NY2d 57, 66). The evidence in the record establishes that it did so but that it felt compelled to revoke petitioner’s license because of his serious misconduct.
We have considered the other points raised by petitioner but reject them for reasons stated in the decision of the Appellate Division (91 AD2d 1108).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Judgment affirmed, with costs, in a memorandum.